**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MURIEL L. CRAWFORD, | No. CV 07-1480-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| WASHINGTON NATIONAL INSURANCE COMPANY, an Illinois Corporation, and CONSECO, Inc., an Indiana Corporation, | |
| Defendants. | |

Plaintiff has timely filed a Motion to Amend Complaint (Doc. #22) to add two new defendants – Combined Insurance Company of America and Union Fidelity Life Insurance Companies. Defendant Washington National does not oppose the Motion. Although Plaintiff did not cite it in her Motion, Federal Rule of Civil Procedure 15(a)(2) governs the request.

Rule 15(a) provides in pertinent part:

    **(a)**    **Amendments Before Trial.**

    (1)    *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course:

        (A) before being served with a responsive pleading; or . . .

> (2)  *Other Amendments.*  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> . . .

While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing DCD Programs, 833 F.2d at 186). Significantly, "[t]he party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187.

The Court has found no evidence of undue delay, bad faith, or undue prejudice. Plaintiff has not previously requested an amendment. Nor is futility an issue. Finally, Defendant has no objection. The Court therefore will grant the motion.

///

Accordingly,

IT IS ORDERED GRANTING Plaintiff's Motion to Amend Complaint (Doc. #22).

IT IS FURTHER ORDERED that the Clerk of the Court shall file the proposed First Amended Complaint lodged at Docket Number 23.

IT IS FURTHER ORDERED that Plaintiff shall accomplish service on the new Defendants, Combined Insurance Company of America and Union Fidelity Life Insurance Companies, within forty-five (45) days of the date of this Order. Failure to serve the new Defendants within that time may result in a dismissal of the new Defendants pursuant to Rule 41(b).

DATED this 11th day of April, 2008.

James A. Teilborg
United States District Judge