1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9   MURIEL L. CRAWFORD,              )   No. CV 07-1480-PHX-JAT
                                     )
10              Plaintiff,           )   **ORDER**
                                     )
11   vs.                             )
                                     )
12                                   )
    WASHINGTON      NATIONAL)
13   INSURANCE COMPANY, an Illinois)
    Corporation, and CONSECO, Inc., an)
14   Indiana Corporation,            )
                                     )
15              Defendants.          )
                                     )
16   _____ )

17
           On January 7, 2008, this Court held its first Rule 16 scheduling conference in this
18
   case.  On February 29, 2008, Plaintiff filed a timely motion to amend the complaint to add
19
   an additional party.  On April 11, 2008, this Court granted that motion to amend.  When the
20
   new Defendant appeared, the Court held a second Rule 16 scheduling conference on July 7,
21
   2008.  In the order following that conference, the Court set September 26, 2008 as the
22
   deadline for filing any further requests to amend the complaint.  Doc. #47.
23
           On March 20, 2009, Plaintiff filed another motion to amend the complaint to add
24
   additional parties.  Because the motion is untimely under this Court's scheduling order,
25
   Plaintiff must meet the good cause standard under Rule 16 for the untimely request before
26
   the Court considers whether amendment is appropriate under Rule 15.  Specifically, as this
27
   Court has previously held:
28

1    Generally, Federal Rule of Civil Procedure 15(a) governs a motion to amend pleadings to add claims or parties. However, in the present case, Rule 16 also applies because Plaintiffs requested leave to amend their Complaint after the Rule 16 Scheduling Order deadline expired. Therefore, it is appropriate to discuss both Rule 15 and Rule 16.

Rule 15(a) provides in pertinent part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.' [] Thus, 'Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

The liberal policy in favor of amendments, however, is subject to limitations. After the defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)) (citation and internal quotation marks omitted). "The party opposing amendment bears the burden of showing prejudice," futility, or one of the other permissible reasons for denying a motion to amend. *DCD Programs*, 833 F.2d at 187; *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (stating that leave to amend should be freely given unless opposing party makes "an affirmative showing of either prejudice or bad faith").

Prejudice can result where a defendant would be forced to participate in additional discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Extending discovery can also create undue delay. *Solomon v. N. Am. Life*, 151 F.3d 1132, 1139 (9th Cir. 1998). Regarding futility, "[a] district court does not err in denying leave to amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted); *see also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient."(citation omitted)). Similarly, a motion for leave to amend is futile if it can be defeated on a motion for summary judgment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986). "However, a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

Rule 16, on the other hand, applies to pretrial conferences and scheduling orders.  This Rule provides, in pertinent part:

> (b) [The district court]...shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
> (1) to join other parties and to amend pleadings...
> A schedule shall not be modified except upon a showing of good cause and by leave of the district judge[.]

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Generally, to meet its burden under Rule 16's 'good cause' standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the [C]ourt in creating a workable Rule 16 [O]rder; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 [O]rder, once it became apparant that [the movant] could not comply with the [O]rder."

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  The Ninth Circuit has also recognized that, "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson*, 975 F.2d at 609.  However, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Id.*  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . .  If that party was not diligent, the inquiry should end."  *Id.*

With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), once the district court has filed a pretrial scheduling order pursuant to Rule 16 pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)."  *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1232 (E.D. Cal. 1996); *see Coleman v. Quaker Oats* Co., 232 F.3d 1271, 1294 (9th Cir. 2000); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D. N.C. 1987) (finding that a party seeking to amend a pleading after the scheduling order date must first show "good cause" for not amending the complaint sooner, and if "good cause" is established, the party must demonstrate that the amendment was proper under Rule 15).  "If [the court] considered only Rule 15(a) without regard to Rule 16(b), it would render

1  scheduling orders meaningless and effectively would read Rule 16(b) and its
   good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v.*
2  *Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).  Accordingly, the
   Court will first evaluate Plaintiffs' Motion under Rule 16, and then, if
3  necessary, under Rule 15(a).

4  CV 04-1178; Order of April 13, 2005 (Doc. #42).

5       In this case, Plaintiff makes no argument in the motion to amend to attempt to show

6  good cause to file an untimely amendment.  Therefore, Plaintiff having failed to meet the

7  standard under Rule 16,

8       IT IS ORDERED that Plaintiff's motion to amend (Doc. #60) is denied.

9       IT IS FURTHER ORDERED confirming the discovery deadline of April 17, 2009 and

10 the dispositive motion deadline of May 15, 2009.

11      DATED this 1st day of April, 2009.

12

13

14                                   _____
                                      James A. Teilborg
15                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28